***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the deputy commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on or about 2 August 1995.
3. The Industrial Commission has jurisdiction over the parties and the subject matter.
4. All parties have been correctly named, and there is no question as to misjoinder or nonjoinder of parties.
5. Plaintiff-employee's average weekly wage was $480.00, yielding a compensation rate of $320.00.
 *********** RULING ON MOTION
Plaintiff's Motion to Show Cause is DENIED.
 ***********
Based upon all the competent evidence of record, and all reasonable inferences to be drawn therefrom, the undersigned makes the following:
 FINDINGS OF FACT
1. This matter arises from an injury that occurred on 2 August 1995. Plaintiff sustained injuries to his back, left leg, and left hand. Defendants initially denied plaintiff's claim.
2. The matter was heard before Deputy Commissioner Douglas Berger on 9 January 1997. The deputy commissioner issued an Opinion and Award on 31 December 1997 finding that plaintiff sustained a compensable injury. On appeal, the Full Commission affirmed the deputy commissioner's decision regarding compensability, but modified the deputy commissioner's Award to include a continuing award of temporary total disability compensation. The Opinion and Award stated that defendants were to pay "ongoing benefits from 2 August 1995 through the present and continuing until [plaintiff] returns to work or until further order of the Commission."
3. On 4 August 2000, the Commission denied Defendant's Motion for Reconsideration of the award of ongoing compensation to plaintiff.
4. Defendants appealed the Full Commission's Opinion and Award to the North Carolina Court of Appeals. The Court of Appeals affirmed the Full Commission's decision in March 2002. Defendants subsequently filed a Petition for Discretionary Review with the North Carolina Supreme Court, which was denied.
5. The Full Commission's decision regarding compensability is now final, and Defendants owe temporary total disability benefits to plaintiff based on the final award. However, plaintiff and defendants have not been able to agree on the amount of benefits owed. The current dispute is over the meaning of the language directing defendants to pay "ongoing benefits through the present
and continuing until he returns to work[.]" (Emphasis added).
6. Following the entry of the Court of Appeals' decision, the Full Commission ordered plaintiff to provide information regarding wages he earned after the original hearing before Deputy Commissioner Berger.
7. Plaintiff testified that he did not work or earn any wages until the year 2000, when he started work part-time with Crossmark, Inc., earning $10.50 per hour on 3 January 2000. Plaintiff earned in excess of $25,000 in the year 2000 according to his W-2 Wage and Tax statement. Said amount is greater than his pre-injury wage. Plaintiff's earnings in 2000 established that he was no longer temporarily totally disabled. As plaintiff had returned to work earning the same or greater wages, plaintiff's temporary total disability ended by 17 June 2000, the date of the Opinion and Award of the Full Commission, which is now final. The prior Full Commission Opinion and Award did not find plaintiff had reached maximum medical improvement or award compensation for permanent partial or permanent total disability. The evidence currently establishes that Dr. Neal S. Taub reported that plaintiff was unable to work from 13 May 2003 through 25 September 2003 and that there is a medical note from Dr. Metcalf giving the opinion that plaintiff is totally disabled. This Opinion and Award is not addressing plaintiff's entitlement to partial, permanent partial, or permanent total disability compensation after 17 June 2000.
8. At the hearing before the deputy commissioner, the issue was whether plaintiff had returned to work in 2000 earning the same or greater wages and how much defendants owed under the prior Opinion and Award of the Full Commission, which paid continuing benefits until plaintiff returned to work.
9. Defendants paid temporary total disability compensation to plaintiff plus interest on 13 November 2003, covering the period from 2 August 1995 through 17 June 2000. Plaintiff is requesting a 10% penalty due to defendants' untimely payment after the award became final. The deputy commissioner, in effect, ruled that the language "through the present" in the Full Commission award obligated defendants to pay through at least the date of the Opinion and Award. Defendants agreed with the decision of the deputy commissioner and have now paid compensation up to the entry of the Opinion and Award by the Full Commission. The Full Commission acknowledges that it is unclear whether the language directing defendants to pay plaintiff continuing temporary total disability until he returns to work intended to pay during disability, which would have given plaintiff a rebuttable presumption under I.C. Rule 404 that disability continued until he returned to "suitable employment." The prior Opinion and Award of the Full Commission also did not direct defendants to pay temporary total disability until plaintiff returned to work "earning the same or greater wages." Based on the plain language of the prior Opinion and Award, plaintiff's actual return to work allowed defendants to seek termination of compensation for temporary total disability pursuant to N.C. Gen. Stat. § 99-18.1, which defendants have arguably done herein.
10. Plaintiff's part-time work in 2000 paid him more than he earned in his job at the time of injury and his earnings may be evidence of wage earning capacity. However, since the issue of when plaintiff reached maximum medical improvement or the end of his healing period is not before the Full Commission at this time, the question of whether plaintiff's earnings were indicative of wage earning capacity or whether the part-time job constituted suitable employment is not addressed herein. Defendants are allowed to terminate compensation as of 17 June 2000 because plaintiff's earnings were greater than his pre-injury wages.
 ***********
The foregoing engender the following:
 CONCLUSIONS OF LAW
1. The Opinion and Award issued by the Full Commission on 17 June 2000 became final when the North Carolina Supreme Court denied defendants' Petition for Discretionary Review.
2. The competent evidence in this case reveals that plaintiff returned to part-time work in the year 2000 and that his actual earnings exceeded his pre-injury wages. Defendants should pay plaintiff temporary total disability compensation from 2 August 1995 to 17 June 2000 pursuant to the prior Full Commission Opinion and Award, which was affirmed by the Court of Appeals. This compensation has already been paid.
3. As there appears to be a genuine issue as to when or if plaintiff returned to work, no attorney fees should be paid by defendants pursuant to N.C. Gen. Stat. § 97-88.1. Plaintiff is owed a 10% penalty due to defendants' failure to timely pay the amount of compensation owed up to the date of entry of the prior Opinion and Award by the Full Commission after the award became final.
4. Plaintiff's "temporary total" disability ended as of 17 June 2000, as he had returned to work earning greater wages. However, there is insufficient evidence from which to find that plaintiff had reached maximum medical improvement as of 17 June 2000.
 ***********
Based upon the foregoing, the undersigned makes the following:
 AWARD
1. Pending further hearings and the presentation of additional evidence on plaintiff's disability, if any, after 17 June 2000, defendants have paid all of the temporary total compensation plaintiff is due under the final prior Opinion and Award of the Full Commission.
2. Defendant shall pay plaintiff a 10% penalty on the temporary total disability compensation already paid to plaintiff under to the final prior Opinion and Award of the Full Commission.
3. Defendants shall comply with all other provisions of the prior Full Commission Opinion and Award.
4. Defendants shall pay the costs.
 ORDER
The issue of plaintiff's entitlement to additional temporary total, partial, permanent partial or permanent total disability compensation is reserved for subsequent hearing. Either party may file a Form 33 hearing request to resolve these issues.
This the ___ day of July 2004.
 S/__________________ BERNADINE S. BALANCE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER